MOORE, Chief Justice
(concurring specially).
I concur with the main opinion, but I write to enlarge on the reasons for dismissing the appeal.
Rule 4(d), Ala. R.App. P., provides: “An order granting or denying a motion to compel arbitration is appealable as a matter of right....” In this case, it is not the order to compel arbitration that is being appealed, only the order refusing to stay the proceedings pending arbitration. *337 Nonetheless, this Court has considered a motion to stay proceedings pending arbitration as implicitly encompassed within the right of appeal provided in Rule 4(d). Rule 4(d) was adopted in 2001. In 2002 and again in 2008, this Court held that a direct appeal is the proper means to challenge an interlocutory order denying a stay pending arbitration. Johnson v. Jefferson Cnty. Racing Ass’n, 1 So.3d 960, 968 n. 10 (Ala.2008); Liberty Nat’l Life Ins. Co. v. Douglas, 826 So.2d 806, 809 (Ala.2002).
In this case, however, the arbitration is solely between codefendants on a cross-claim. Although Rule 4(d) may implicitly permit the appeal of a denial to stay proceedings pending arbitration, such an appeal could pertain only to a stay of those claims subject to the arbitration order. A court has no power under Rule 4(d) to stay nonarbitrable claims. Compare Lippus v. Dahlgren Mfg. Co., 644 F.Supp. 1473, 1483 (E.D.N.Y.1986) (“Although this Court must stay the adjudication of arbitrable claims pending arbitration, 9 U.S.C. § 3, this is not the case with non-arbitrable claims.”).
Because the plaintiffs’ claims in this matter are not subject to the arbitration clause in the contract between the codefen-dants, Rule 4(d) cannot be applied to stay them. Further, to stay the entire action pending resolution by arbitration of the cross-claim would prejudice the plaintiffs, who desire to have their claims heard. Judicial economy would also suffer. As the Lippus court stated: “[Arbitration is unlikely to result in a speedier resolution of the case. Quite the opposite, a stay of these proceedings to permit arbitration ... will likely result in a lengthy delay to a cause that is already over two years old.” 644 F.Supp. at 1483. Finally, trial on the merits may determine that the defendants have no liability to the plaintiffs, rendering the arbitration moot.
This Court has not previously recognized a right of appeal under Rule 4(d) to stay the adjudication of related claims of parties not subject to the arbitration order. For the reasons stated above and in the main opinion, this Court correctly declines to recognize such a right.